IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RECEIVED
JUN 09 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

CASE NO. A98-0133 CR (JKS)

UNITED STATES OF AMERICA,
        Plaintiff,

v.

SUSANA CRUZ,
        Defendant.

**MOTION FOR MODIFICATION OF AN IMPOSED SENTENCE PURSUANT TO 18 U.S.C. §3582(c)(2)**

IN PROPIA PERSONA

Susana Cruz
Reg. # 14352-112
Unit C
5701 8th St.,
Camp Parks
Dublin, CA 94568

I

## INTRODUCTION

Petitioner, Susana Cruz, acting pro-se [herein-after "**Cruz**"], respectfully moves this Court to grant her request for modification of an imposed sentence [pursuant to 18 U.S.C. §3582(c)(2)]. Cruz seeks and prays that in the interest of justice and uniformity in sentencing, this Court would adjust her range to criminal category I due to the recent Amendment 709 of the U.S.S.G.

II

## PROCEDURAL BACKGROUND

Cruz was convicted in June 1999 in the District of Alaska of count one of conspiracy to commit offenses relating to cocaine distribution and possession; three counts of possession with intent to distribute cocaine; three counts of maintaining a place or cocaine distribution and possession; two counts of making premises available for the storage and distribution of cocaine; and one count of interstate travel to promote cocaine trafficking. On January 21, 2000, Cruz was sentenced to a term of 168 months. The Ninth Circuit affirmed [on unpublished opinion] Cruz's conviction and sentence on May 7, 2001. **SEE**: United States v. Marin, 8 Fed. Appx 815 (9th Cir. 2001).

On July 3, 2002, Cruz brought a petition pursuant to 28 U.S.C. §2255 collaterally attacking her sentence. After this Court denied Cruz's §2255 petition, the Ninth Circuit on September 16, 2005, affirmed this Court's ruling.

-1-

III

## JURISDICTION

A.  Under the law of this Circuit, amendments to the Sentencing Guidelines which are "clarifying" as opposed to "substantive" are given retroactive effect. U.S. v. Garcia-Cruz, 40 F. 3d 986, 990. (9th Cir. 1994). Indeed, "a substantive change would more likely take the form of an amendment to the Guideline itself rather than to an application note." U.S. v. Flores, 93 F. 3d 587 (9th Cir. 1996). In the same vein, the Supreme Court made it abundantly clear that the commentaries in the Guidelines Manual are authoritive and must be given controlling weight and, that they are to be applied retroactively. Stinson v. U.S, 113 S. Ct. 1913 (1993).

Amendment 709 states in part and clarify that, enhancements under Section 4A1.2(c)(1)(A) is amended to provide those offenses listed will **not count** if A) the sentence of probation is less than one year or the term of imprisonment is less than 30 days...Among other things, because the Commission determined that these "prior misdemeanor or petty offenses in rare cases can affect the sentence in the instant offense in a way that is **greatly disproportionate** to the seriousness of the prior offense."

In the instant case, Cruz sentence was enhanced to category II [three points] for her July 1996 California shoplifting petty offense [one point for the petty offense and two points for being under probation when the instant federal offense occurred]. **SEE**:

-2-

partial presentense report for prior offenses.

The Presentense Report states that Cruz was sentenced to three years "Summary Probation with a $100.00 fine" for her California petty offense. Therefore, under Amendment 709 these three points should not count towards Cruz's Criminal History Category; since the Commission on November 2007, "determined that prior...petty offenses that receive such relative **minor default sentence** should not be counted for criminal history purposes." **SEE**: 2007 Guidelines Manual Appendix C [pg. 1170] under Amendment 709.

The above commentary suggest that Cruz's prior state petty offense is not to be considered to be among the more serious offenses listed at §4A1.2(c)(1). Among other things, because Cruz never served any county jail time or the probation imposed by the court lacked a supervision component and, was enabled to pay only the $100.00 fine.

B.   Since §4A1.2(c)(1)(A) is not an interpretation from a change of the Guideline, but, rather the language at issue in the commentary clarifies the application of an existing Guideline. The instant request by Cruz pursuant to §3582(c)(2) is properly before this Court.

As a consequence, we must acknowledge that that §1B1.10 is **not** applicable to the instant matter because this Section applies **only** to amendments to the guidelines ranges---as previously discussed, the clarification at issue here is **not** an amendment to the Guidelines. **SEE**: U.S. v. Evans, 782 F. Supp. 515, 516 (D. Or. 1991). As such, §3582(c)(2) governs this request as §4A1.2(c)(2)

-3-

does not mention guideline amendments, but instead clarifies how to properly apply said section, in order **not** to affect the sentences disproportionately to the non-seriousness of the prior state petty offense. Id.

### III

### POST SENTENCING CONDUCT

This Court may consider a sentence below the applicable guideline range [from level 32 category I]; due to the recent outlines in U.S. v. Hicks, 472 F. 3d 1167 (9th Cir. 2007), and precepts under the amended March 2008 Supplement to 2007 Guidelines Manual. Among other things, as a matter of judicial propriety and uniformity in sentencing. [**SEE**: Cruz's B.O.P. Progress Report detailing all her work and school accomplishments, as Exhibit # 1].

### IV

### CONCLUSION

WHEREFORE, for the foregoing reasons, this Court in the interest of justice, should grant Cruz's request to modify her sentence pursuant to §3582(c)(2) and, consider Cruz's post conviction factors, in order that this Court sentence Cruz below the applicable guideline range.

Dated:

Respectfully Submitted,

*Susana Cruz*
Susana Cruz

-4-

# CERTIFICATE OF SERVICE

I, __Susana Cruz__ hereby certify that I have served a true and correct copy of the following:

    Motion for Modification of an Imposed sentence
    Pursuant to §3582(c)(2)

Which is deemed filed at the time it was deposited in Dublin Correctional Institution's internal mail system, since TCI has no separate system designed for legal mail, in accordance with Rule 4, Federal Rules of Appellate Procedure and Houston V. Lack, 108 S. Ct. 2379 (1988), by placing same in a sealed, first class postage prepaid envelope addressed to :

    Richard L. Pomeroy
    Asst. U.S. Attorney
    222 W. 7th Avenue, #9, RM. 253
    Anchorage, AK 99513-7567

and depositing same in the institution mail box at Taft Correctional Institution at Taft, California.

I declare, under penalty of perjury (Title 28 U.S.C. 1746), That the foregoing is true and correct.

Dated this __4__ day of __June__, __2008__.

                                                   _/s/ Susana Cruz_
                                                   Susana Cruz

Federal Correctional Institution
Susana Cruz 14352-112 Unit PM
5701 8th St. Camp Parks
Dublin CA. 94568

OAKLAND, CA 94615
2008
JUN 5 PM

Clerk of Court
U.S. District Court
District of Alaska
222 W. 7th Avenue
Box 4, Room 229
Anchorage, Alaska 99513-7564

OAKLAND, CA 94615
2008
PM 5

