NELSON P. COHEN
United States Attorney

KAREN L. LOEFFLER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>    )<br>    Plaintiff,    )<br>    )<br>vs.    )<br>    )<br>JUAN VALDEZ,    )<br>    )<br>    Defendant.    )<br>_____    ) | Case No.  3:98-cr-00133-HRH<br><br>OPPOSITION TO MOTION TO<br>SET ASIDE JUDGMENT |

COMES NOW the United States of America, by and through counsel and files this response to the defendant's Motion to Set Aside Judgment as follows:[1]

---

[1] Alane Ballweg, a law student serving and internship in the U.S. Attorney's office contributed substantially to the preparation of this response.

PROCEDURAL BACKGROUND

Petitioner Juan Valdez[2] was tried and convicted on September 29, 1999, after an eleven-day trial of one count of conspiracy in relation to cocaine trafficking (21 U.S.C. § 846), four counts of distribution and possession of a controlled substance with the intent to distribute (21 U.S.C. § 841(a)(1)), five counts of maintaining a place for drug trafficking (21 U.S.C. § 856(a)(1)), and two counts of interstate travel in aid of drug trafficking (18 U.S.C. § 1952). Docket No. 287, Judgment, Case No. A98-133 CR (JMF). He was sentenced to 30 years in prison. Id. His conviction was affirmed by the Court of Appeals for the Ninth Circuit on May 7, 2001. United States v. Marin & Cruz, 8 Fed.Appx. 815 (9th Cir. 2001).

Valdez filed a petition under 28 U.S.C. § 2255 seeking to vacate his sentence on July 25, 2002. CR 384. Counsel was appointed for him. CR 388. Valdez raised thirteen arguments in his original and supplemental motions. CR 384, 419. The United States opposed. CR 427. On February 25, 2003, Magistrate Judge Roberts entered an initial recommendation that the petition be denied because Valdez failed to show that he received ineffective assistance of counsel and that the alleged deficiencies in representation did not cause prejudice.

---

[2] AKA Juan Valdes, AKA Indalecio Marin, AKA Mario, AKA John Doe, AKA Juvan Valdes, AKA Jimmie, AKA Octavio Cerquera-Garcia, AKA Dorantino Alvarez-Parra.

CR 441. Valdez objected to the recommendation (CR 450) but the district court, exercising its independent judgment, adopted the findings and recommendations of the Magistrate Judge and denied Valdez's petition for relief on April 2, 2003. CR 452. The Ninth Circuit affirmed the judgment on July 12, 2004.

On May 30, 2008, Valdez filed the present Fed. R. Civ. Proc. 60(b) motion to set aside the § 2255 judgment entered on April 2, 2003.

## ARGUMENT

I. A Rule 60(b) Motion Must be Made Within a Reasonable Time.

Fed. R. Civ. Proc. 60(c)(1) provides that a "motion under Rule 60(b) must be made within a reasonable time." In the Ninth Circuit, courts consider the facts of each case when making a "reasonable time" analysis. Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981). Factors taken into consideration include "the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." Id.

The interest in finality is strong given that Valdez has exhausted all other avenues of appeal of this collateral attack on his criminal conviction. Valdez has not offered any reason for the significant delay of nearly four years, from September 14, 2004, when the denial of his 28 U.S.C. § 2255 motion was affirmed on appeal, until his filing of this Rule 60(b) motion on May 30, 2008. Where no

reasonable explanation is given, a lengthy delay is considered unreasonable. See Morse-Starrett Products Co. v. Steccone, 205 F.2d 244, 248 (9th Cir. 1953) (unexplained delay of 22 months unreasonable); **In re Hammer, 940 F.2d 524, 526 (9th Cir. 1991)** (unexcused two-year delay unreasonable); cf. Washington v. Penwell, 700 F.2d 570, 572-73 (9th Cir. 1983) (delay of four years reasonable when explanation of extraordinary circumstances given).

    II.    Valdez' Motion is Actually a Successive § 2255 Petition and Should Thus be Barred.

The claim Valdez raises in this Rule 60(b) motion has already been raised and adjudicated in his § 2255. According to Gonzalez v. Crosby, 545 U.S. 524, 534 (2005), "a Rule 60(b) motion that seeks to revisit the federal court's denial of a claim for relief should be treated as a successive habeas petition." In contrast, a petitioner is not making a successive habeas claim if he instead asserts that "a previous ruling which *precluded* a merits determination was in error." Id. at 532 (emphasis added).

In Gonzalez, the petitioner attacked in his Rule 60(b) motion the District Court's finding that the statute of limitations barred his habeas petition. Id. at 533. The District Court never adjudicated his habeas petition on the merits. Id. at 527-528. Similarly, in Slack v. McDaniel, 529 U.S. 473, 485 (2000), the petitioner

was permitted to submit a second habeas petition after his initial petition was dismissed for failure to exhaust state remedies, thus because his initial petition was dismissed without being heard on the merits. Id.

In contrast, all of Valdez's claims in his § 2255 were adjudicated on the merits by the court. Among his many claims, Valdez argued in his § 2255 that he received ineffective counsel on appeal because his counsel did not raise an Apprendi argument challenging the sufficiency of the evidence supporting the sentence enhancements. This argument was fully adjudicated and considered by Magistrate Judge Roberts in his finding that Valdez's Apprendi argument was "completely without merit." ER 53. It was further argued and briefed to the District Court and Ninth Circuit. Valdez's argument for ineffective counsel was fully adjudicated on the merits.

Because Valdez's argument was fully adjudicated on the merits, his Rule 60(b) motion is in fact a successive habeas petition. Gonzales, 545 U.S. at 534. Under 28 U.S.C. § 2255(h), a successive habeas petition must be certified by an appropriate court of appeals and must contain either newly discovered evidence or a new rule of constitutional law. Because this motion does not meet any of the above requirements, it must be dismissed.

III.   The Rule 60(b)(4) Claim is Without Merit: the § 2255 Judgment is Not Void.

The judgment denying Valdez's § 2255 motion is not void and thus cannot be set aside under Rule 60(b)(4). A judgment is void if the court lacked jurisdiction. Watts v. Pinckney, 752 F.2d 406, 409 (9th Cir. 1985). Neither the District Court nor the Ninth Circuit lacked jurisdiction in Valdez's § 2255 motion and his appeal of that motion, respectively. A judgment could also be void if it is inconsistent with due process. Watts, 752 F.2d at 409. Valdez has not been denied due process of law. No injustice has been created by the court's failure to apply Apprendi to his sentence, because his sentence does not violate Apprendi. A sentence does not violate Apprendi as long as the sentence does not exceed twenty years for each count. United States v. Sanchez-Cervantes, 282 F.3d 664, 669-70 (9th Cir. 2002). Valdez was convicted on twelve counts and sentenced to thirty years. The maximum sentence Valdez faced for Count I was a life sentence. Far from exceeding the statutory maximum, Valdez's sentence may be viewed as the combined statutory minimum sentences for his conviction on four counts of violating 21 U.S.C. §841(a)(1) (five year minimum) and one count for violating 21 U.S.C. §846 (ten-year minimum). A district court does not plainly err in finding a sentencing factor by a preponderance of the evidence, so long as the actual

sentence imposed does not exceed the statutory maximum.  United States v. Buckland, 289 F.3d 558, 568-71 (9th Cir. 2002) (en banc), cert. denied, 122 S.Ct. 2314 (2002).

    IV.    The Rule 60(b)(6) Claim is Without Merit: There are no Extraordinary Circumstances Warranting the Court to Set Aside the § 2255 Ruling.

Fed. R. Civ. Proc. 60(b)(6) provides relief from a judgment for "any other reason" not covered by subsections (1) – (5).  This catch-all is interpreted very narrowly and is used sparingly only to remedy "manifest injustice."  United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).  Rule 60(b)(6) requires a showing of both injury and that extraordinary circumstances beyond the petitioner's control prevented him from "taking timely action to prevent or correct an erroneous judgment."  Id.   Such circumstances will "rarely occur in the habeas context."  Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).  Valdez has established neither injury nor extraordinary circumstances.  Valdez cannot establish injury because his sentence does not violate Apprendi.  Even if Valdez's counsel had brought Apprendi up on direct appeal of his conviction, it would not have affected his sentence.  In addition to not establishing injury, Valdez has not established any extraordinary circumstances justifying relief under Rule 60(b)(6).  Valdez alludes to a "miscarriage of justice" and a "reason to

doubt the integrity of a habeas judgment," but he in fact cannot establish that any injustice has occurred, and has no evidence of extraordinary circumstances to justify setting aside the § 2255 judgment.

## CONCLUSION

For all of the above reasons the government respectfully requests the court to deny defendant's latest motion for collateral relief from judgment.

RESPECTFULLY SUBMITTED this 16th day of June, 2008, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

 s/Karen L. Loeffler
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2008
a copy of the foregoing RESPONSE TO
MOTION TO SET ASIDE JUDGMENT
was mailed to:
Juan Valdez
Reg.  14162-112
PO Box 7001/A3C
Taft, California 93268


s/ Karen L .  Loeffler_____