NELSON P. COHEN
United States Attorney

STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-5011
Email: steven.skrocki@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:98-cr-00133-HRH |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S OPPOSITION** |
| | ) | **TO DEFENDANT'S MOTION FOR** |
| vs. | ) | **REDUCTION OF SENTENCE** |
| | ) | **PURSUANT TO 18 U.S.C. § 3582(C)** |
| SUSANA CRUZ, | ) | |
| | ) | |
| Defendant. | ) | |

   Plaintiff United States of America, through its counsel of record, Assistant United States Attorney Steven E. Skrocki, hereby files an opposition to defendant Susana Cruz's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c).

   In his motion, the defendant relies on recent retroactive amendment to the United States Sentencing Guidelines which lowered the base offense levels applicable under USSG § 2D1.1 to cocaine base ("crack") offenses. It is the

opinion of the United States that the defendant's motion must be denied as her motion is based on retroactive amendment to the crack provisions of the United States Sentencing Commission Guidelines whereas her sentence and conviction were based on powder cocaine trafficking.  Additionally, the defendant was sentenced to a mandatory minimum term which also operates to deny her request. For these reasons, the defendant's motion should be denied.

**I.     The Defendant's Claim for Additional Relief Should be Denied**

The defendant's motion for modification of her sentence has been filed pursuant to 18 U.S.C. § 3582(c). In the government's view, the amendment does apply to the defendant's case due to the fact that her sentence was imposed for distribution, among other things, of powder, as opposed to crack cocaine.   Given this fact, this Court does not possess the discretion with regard to whether to grant motion to reduce her sentence.

Here, the defendant was convicted of Conspiracy to Distribute  Cocaine, in violation of 21 U.S.C. § 846, four counts of Distribution and Possession of Cocaine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), five counts of Maintaining a Place for Drug Distribution, in violation of 18 U.S.C. § 856, and one count of Interstate Travel in Aid of Drug Trafficking, in violation of 18 U.S.C. §1952.  It is clear from the Presentence Report (PSR) that the defendant was a

powder trafficker and mule, transporting kilograms of cocaine powder, not cocaine base. (PSR @ ¶'s 16 to 20)

As reflected in the judgement of the court, the ultimate sentencing range for the defendant was based on a criminal history category of II, and an adjusted offense level of 34. The defendant was sentenced to a term of imprisonment of 168 months on Counts 1 and 3, and a term of 60 months on count 12, all to be served concurrently. As to the quantities of powder cocaine involved, the final pretrial services report established an amount of over 60 kilograms of cocaine. (PSR at ¶ 20) Count 1, in and of itself, provided for a mandatory minimum term of ten years imprisonment, (PSR at ¶ 54) while Count 12 provided for a mandatory minimum term of 60 months imprisonment. (PSR @ ¶ 57)

There is nothing in the Presentence Report which indicates that the defendant was convicted, nor ever dealt with crack cocaine. Based on a review of Section 3582(c)(2) and the following information, it does not appear that the defendant is eligible for retroactive application of the guidelines.

**II.     Background on the Retroactive Guideline Amendment**

Section 3582(c)(2) provides authority for the reduction of a defendant's sentence based on a change in the Guidelines, if the Sentencing Commission authorizes such a reduction:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Commission has identified the amendments that may be applied retroactively pursuant to this authority, and it has articulated the proper procedure for implementing the amendment in a concluded case.[1] On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised Section 1B1.10(a), which becomes effective on March 3, 2008, provides, in relevant part:

> (1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

---

[1] Section 1B1.10 implements both 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(u), the latter of which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). See, e.g., United States v. Cueto, 9 F.3d 1438, 1440-41 (9th Cir. 1993); United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997).

>  (2) <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>     (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
>     (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>  (3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

In this matter the amendment in question is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments that may be applied retroactively under Section 1B1.10(c), effective March 3, 2008.

In Amendment 706, the Commission generally reduced, by two levels, the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

still reducing the offense levels for *crack* offenses.  See USSG, Supplement to App. C, Amend. 706.[3]

Previously, the Commission had set the entire range in Section 2D1.1 for a given quantity of crack above the applicable mandatory minimum sentence.  Under the amendment, the Commission set the offense levels so that the mandatory minimum sentence falls within the range for the quantity of crack that triggers that mandatory minimum penalty.  For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment.  See 21 U.S.C. § 841(b)(1)(B).  The revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months, which encompasses the 60-month mandatory minimum.

The ultimate result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses.

Even with this background, however, the defendant's sentence cannot be reduced, principally for two reasons, first, her conviction resulted in a sentence for

---

[3] In a separate matter, the Supreme Court recently held in Kimbrough v. United States, 128 S. Ct. 558 (2007), that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders.  However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

powder cocaine trafficking, and, second, her sentence was based on the application of a mandatory minimum sentence.

### III. THE DEFENDANT'S SENTENCE SHOULD NOT BE REDUCED AS HER SENTENCE DID NOT INVOLVE CRACK SENTENCING BASED ON CRACK COCAINE

Defendant's motion should be denied for the simple reason that her case did not involve cocaine base ("crack"), and she was not sentenced pursuant to the portions of Section 2D1.1 altered by Amendment 706.  As stated above, the defendant's offense involved powder cocaine, and there thus has been no change to the guidelines applicable in this case or to that guideline.  Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  The Sentencing Commission's policy statements and its "exclusions" are clear and must be respected: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if (A) none of the amendments listed in subsection (c) is applicable to the defendant."  USSG § 1B1.10(a)(2); see also id. comment. (n.1(A)) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guidelines range.")  Because Amendment 706 and all other listed amendments are

inapplicable to defendant, defendant's motion should be summarily denied. Cueto, 9 F.3d at 1440-41.]

### IV. A REDUCTION IS ALSO NOT AVAILABLE AS THE DEFENDANT WAS ALSO SENTENCED TO STATUTORY MANDATORY MINIMUM

Defendant's motion should be denied because, as stated earlier, she was sentenced to a mandatory minimum sentence required by statute. The Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence, and that mandate continues to apply. See also USSG § 1B1.10 comment. (n.1(A)) (affirming that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment.")). Accordingly, as courts have consistently recognized, where a statutory mandatory minimum sentence is applicable the passage of a retroactive guideline amendment is irrelevant. *See, United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996); see also, e.g., *United States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997); *United States v. Eggersdorf*, 126 F.3d 1318, 1320 (11th Cir. 1997); *United States v. Marshall*, 95 F.3d 700, 701 (8th Cir. 1996); *United States v. Hanlin*, 48 F.3d 121,

124-25 (3d Cir. 1995); *United States v. Pardue*, 36 F.3d 429 (5th Cir. 1994); *United States v. Dimeo*, 28 F.3d 240, 241 (1st Cir. 1994). Therefore, the defendant's motion should be summarily denied.

### V.    CONCLUSION

For the reasons stated above, the government respectfully requests that no downward departure is available as the defendant was sentenced in a matter involving powder cocaine, not crack, and was, additionally, sentenced to a mandatory minimum term of imprisonment under Count 1 of the indictment and Count 12 with the sentences to run concurrently. For these reasons, the defendant's motion should be denied.

RESPECTFULLY SUBMITTED this 9th day of July, 2008, at Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Steven E. Skrocki
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3380
Fax: (907) 271-1500
E-mail: steven.skrocki@usdoj.gov
AK #0108051

**CERTIFICATE OF SERVICE**
I hereby certify that on July 9, 2008
a copy of the foregoing was served
electronically on: Rich Curtner

s/ Steven E. Skrocki

US v. Cruz
3:98-cr-00133-HRH                           9